UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW PONICAN,

        Plaintiff,           CIVIL ACTION NO. 04-CV-70924-DT

v.                            DISTRICT JUDGE AVERN COHN

                                  MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendant's Motion to Dismiss should be granted as Plaintiff has failed to exhaust his administrative remedies before the Social Security Administration before seeking judicial review of the agency's determination denying him a death benefit.

                     \*     \*     \*

Plaintiff filed a *pro se* complaint on March 9, 2004, against the Social Security Administration (SSA), in the Small Claims Division of the 22nd District Court in Inkster, Michigan. He asserted that the SSA had improperly denied him a $255.00 one time payment after the death of his wife. According to the

Complaint, the benefit was denied because the SSA determined that the Plaintiff was not living with his wife at the time of her death (Complaint, p. 1). Mr. Ponican requested that the SSA reconsider the denial of the death benefit on March 11, 2004. Instead of waiting for the reconsideration decision from the SSA, Plaintiff filed the instant action in state court seeking judicial review of the initial determination to deny him a death benefit.

Defendant removed the action to federal court, and filed a Motion to Dismiss on March 17, 2004, asserting that the Complaint failed to state a claim upon which relief could be granted. Defendant argued that this Court lacked subject matter jurisdiction to review the Commissioner's initial determination regarding the denial of the death benefit because Plaintiff had failed to exhaust his administrative remedies before the SSA prior to seeking judicial review. Plaintiff has not filed a response to Defendant's Motion to Dismiss to date. The matter was referred to the undersigned on March 16, 2005.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Judicial review of social security claims is governed by 42 U.S.C. §§ 405(g) and 405(h). Under 405(g):

> [A]ny individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Section 405(h) states:

> The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The first two sentences of Section 405(h) guarantee that "administrative exhaustion will be required. Specifically, they prevent review of decisions of the Commissioner save as provided in the [Social Security] Act, which provision is made in § 405(g)." Weinberger v. Salfi, 422 U.S. 749, 757 (1975).

Three conditions must be satisfied to obtain judicial review under § 405(g): (1) a final decision of the Commissioner after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the Commissioner may permit; (3) filing of the action in the appropriate district court. 42 U.S.C. § 405(g); Salfi, 422 U.S. at 763-764.

The Commissioner contends that Plaintiff has failed to satisfy the first requirement for judicial review by not obtaining a final decision of the Commissioner after a hearing. Congress and the Commissioner have established an "unusually protective" process to facilitate the orderly and sympathetic administration of disputed claims, Heckler v. Day, 467 U.S. 104, 106 (1984), which culminates in a final decision of the Commissioner subject to judicial review. 20 C.F.R. §§ 416.1402-1483 (2003).

First, a claimant is entitled to an initial determination of disability. 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503 (2004). Second, if dissatisfied, the claimant may request a de novo reconsideration of that determination. 20 C.F.R. §§ 404.907-921 (2004). Third, if still dissatisfied, the claimant is entitled to an evidentiary hearing and a de novo review before an ALJ. 42 U.S.C. § 405(b); 20 C.F.R. §§ 404.929-404.961 (2004). Fourth, the claimant may take an appeal to the Appeals Council within 60 days of receiving notice of an unfavorable decision by an ALJ after a hearing. 20 C.F.R. §§ 404.967-404.983 (2004). The claimant may then seek judicial review in federal district court. 42 U.S.C. § 405(g); Day, 467 U.S. at 106-07. Thus, for purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision.

## DISCUSSION AND ANALYSIS

In this case, Plaintiff has not obtained a final decision of the Commissioner after a hearing. Since the Plaintiff has not completed the four step administrative review process to obtain a judicially reviewable final decision, the present action should be properly dismissed. Boomer v. Ribicoff, 304 F.2d 427,

5

429 (6th Cir.1962); See also <u>Willis v. Secretary</u>, 931 F.2d 390, 396 (6th Cir. 1994); <u>Biron v. Harris</u>, 668 F.2d 259 (6th Cir. 1982); <u>Johnson v. Railway Express Agency</u>, 489 F.2d 525, 528 (6th Cir. 1973).

While the exhaustion of administrative remedies can be excused by a federal court "in certain special cases", <u>Heckler v. Ringer</u>, 466 U.S. 602, 638 (1984), there are no extraordinary circumstances present here that warrant such a waiver. The special cases mentioned in <u>Ringer</u> were limited to instances where the claimant raised a challenge wholly collateral to her claim for benefits, and made a colorable showing that her injury could not be remedied by the retroactive payment of benefits. <u>Ringer</u>, 466 U.S. at 618. In the instant matter, Plaintiff's allegations are not wholly collateral to his claim for benefits. Plaintiff has alleged no basis for the Court to excuse his failure to exhaust. Since Plaintiff has clearly not exhausted his administrative remedies prior to filing his civil action, dismissal for failure to state a claim is appropriate. Plaintiff should now attempt to exhaust his administrative remedies before the SSA by requesting a <u>de novo</u> hearing before an ALJ, where he will be given the opportunity to present evidence concerning the alleged denial of a death benefit. Accordingly, Defendant's

Motion to Dismiss should be granted, and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a

response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

_/s/ Donald C. Scheer_
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: 3/24/05

cc: Honorable Avern Cohn
    Andrew Ponican
    William Woodard

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW PONICAN,

        Plaintiff,        CIVIL ACTION NO. 04-70924

v.                          DISTRICT JUDGE AVERN COHN

COMMISSIONER OF SOCIAL     MAGISTRATE JUDGE DONALD A. SCHEER
SECURITY,

        Defendant.
_____/

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Report and Recommendation was served upon the attorneys of record or parties appearing in <u>pro per</u> in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on this 24th day of March, 2005.

Andrew Ponican
5467 N. Oak Drive
Gladwin, MI 48624

William L. Woodard
Assistant U.S. Attorney
211 W. Fort Street
Suite 2001
Detroit, MI 48226

                                        *Terri L. Hackman*
                                      Terri L. Hackman, Secretary to
                                      Magistrate Judge Donald A. Scheer