UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW PONICAN,

     Plaintiff,

v.                                                    Case No. 04-70924

                                                      HONORABLE AVERN COHN

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

**MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS[1]**

**I. Introduction**

This is a social security case.  Plaintiff Andrew Ponican (Ponican) filed a pro se complaint against the Social Security Administration (SSA). Ponican alleges that the SSA denied $255.00 in death benefits to him after the death of his wife.

The Commissioner of Social Security (Commissioner) filed a Motion to Dismiss the complaint for failure to establish a jurisdictional basis for the claim and for failure to state a claim upon which relief can be granted.  The magistrate judge issued a report and recommendation (MJRR) that the Commissioner's Motion to Dismiss be granted.

For the reasons that follow, the Commissioner's Motion to Dismiss is GRANTED and this case is DISMISSED.

_____

[1] The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

## II. Background

## A. Factual Background

Ponican was married to Lenore J. Ponican.  The Ponicans originally lived in Garden City, Michigan.  Ponican purchased property in Gladwin, Michigan and moved there to make improvements to the property.  His wife Lenore remained in Garden City. Ponican changed his address from Garden City to Gladwin.  The duration of the couple living in separate residences is unclear.

Between late December 2003 and early January 2004, Lenore Gladwin died. Ponican paid $1,377.80 for his wife's cremation.  The following March, Ponican sought to recover from SSA a one-time payment of $255.00 for the death of his wife.  SSA denied the payment because it determined that Ponican was not living with his wife at the time of her death.

## B. Procedural History

Ponican filed a pro se complaint against the SSA in the Small Claims Division of the 22nd District Court in Inkster, Michigan. The complaint, though not particularly clear, asked the SSA to reconsider its decision.  SSA filed a Notice of Removal, removing the case to this court under 28 U.S.C. § 1441(a) and (b).

After removal, the SSA filed a motion to dismiss under Fed R. Civ. P. 12(b)(1) and 12(b)(6).  In its supporting brief, the SSA argued that dismissal was appropriate because Ponican did not exhaust his administrative remedies prior to seeking judicial review.  Ponican did not file a response.  In the MJRR, the magistrate judge recommended that the SSA's motion be granted because Ponican failed to exhaust his

administrative remedies before seeking judicial review.  Ponican filed a handwritten

objection to the MJRR essentially conceding defeat.[2]  The SSA filed a response to

Ponican's objections.

### III. Standard of Review

A decisions on a motion to dismiss under Fed R. Civ. P. 12(b)(1) and 12(b)(6) is

subject to a <u>de novo</u> standard of review.  <u>Simon v. Pfizer Inc.</u>, 398 F.3d 765, 772 (6th

Cir. 2005).  The portions of the MJRR that the claimant finds objectionable are reviewed

<u>de novo</u>.  <u>See</u> 28 U.S.C. § 636(1)(c); <u>Smith v. Detroit Fed'n of Teachers, Local 231</u>, 829

F.2d 1370, 1373 (6th Cir. 1987).

### IV. Discussion

### A.

Judicial review of a Social Security benefit claim is appropriate only if the

claimant can prove that he has exhausted his administrative remedies.  To initiate

judicial review of a Social Security benefits application, "[a]dministrative exhaustion will

be required." <u>Weinberger v. Salfi</u>, 422 U.S. 749, 757 (1975).

42 U.S.C. § 405(g) and (h) govern the jurisdictional basis of judicial review of

Social Security claims.  Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social
> Security made after a hearing to which he was a party, irrespective of the
> amount in controversy, may obtain a review of such decision by a civil
> action commenced within sixty days after the mailing to him of notice of
> such decision or within such further time as the Commission may allow.
> Such action shall be brought in the district court of the United States for
> the judicial district in which the plaintiff resides or has his principal place of

---

[2]In the handwritten objection to the MJRR, Ponican states: "Let S.S.A. keep the
250.00 dollar check as I will not hire an attorney to collect this small amount."

3

business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Section 405(h) states:

The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Three procedural conditions must be met prior to judicial review under § 405(g). First, there must be a final decision of the Commissioner after a hearing. Second, a civil action must be commenced within sixty days after the mailing of notice of such decision, or within such additional time as the Commissioner may permit. And third, the civil action must be filed in the appropriate district court. Weinberger, 422 U.S. at 763-764 (1975).

Section 405(h) provides that in order for the Commissioner's decision over a claim to be binding it must be final. In order for a decision to be final, "[p]laintiff must exhaust administrative remedies, and the district court is limited to the review of the Secretary's decision, in the manner prescribed by § 405(g). Weinberger, 422 U.S. at 790.

Prior to obtaining a final decision, a claimant must take the necessary procedural steps under Title 20 of the Code of Federal Regulations and Title 42 of the United States Code. The Secretary and Congress have established an "unusually protective" four-step process to facilitate and review the orderly and sympathetic administration of disputed claims. Heckler v. Day, 467 U.S. 104, 106 (1984). First, the administrative

4

remedies begin with the claimant filing a claim with the SSA to determine if there is a sufficient disability to support the claim.  42 U.S.C. § 421(a); 20 C.F.R. § 404.1503 (2005).  Second, if the claimant is dissatisfied with the initial decision the claimant may request a de novo reconsideration.  20 C.F.R. §§ 404.907-921.  Third, if the claimant is still dissatisfied with the results from the first two outcomes, he is entitled to an evidentiary hearing and another de novo review before an administrative law judge (ALJ).  42 U.S.C. § 405(b); 20 C.F.R. §§ 404.929-404.961 (2005). Fourth, if the claimant is unsatisfied with the result of the hearing before the ALJ, he may file an appeal with the SSA's Appeals Council, so long as it is filed within sixty days of receiving notice of the unfavorable decision. 20 C.F.R. §§ 404.967-404.983 (2005).  Once the Appeals Council makes its decision, the finality requirement of 42 U.S.C. § 405(g) will have been satisfied and the claimant can seek judicial review in a federal district court.

**B.**

In this case, judicial review is not warranted because Ponican failed to obtain the necessary final decision from the Commissioner of Social Security before filing this action.  After learning of the Commissioner's initial decision, Ponican never requested a de novo reconsideration of the determination, had a hearing before an ALJ, or filed an appeal with the Appeals Council.  Dismissing this action on a Fed. R. Civ. P. 12(b)(1) motion is appropriate because, without a final decision in the administrative proceeding, the Court lacks subject matter jurisdiction.

**V. Conclusion**

The findings and conclusions of the magistrate judge are adopted by the Court

as supplemented by the above discussion.

SO ORDERED.


_s/Avern Cohn_____

Dated: June 01, 2005                             AVERN COHN
                                      UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 1, 2005, by electronic and/or ordinary mail.

_s/Julie Owens_____
Case Manager, (313) 234-5160

6